UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                       Case Nos. 14-50444; 14-50445
                                                 Honorable Thomas L. Ludington

v.

GARY L. WILSON
SUE A. WILSON

               Defendants.

_____/

## ORDER OVERRULING GARY WILSON'S OBJECTION, DENYING HIS REQUEST FOR A HEARING, AND GRANTING SUE WILSON'S REQUEST FOR A HEARING

Gary and Sue Wilson were convicted by a federal jury of fraud and ordered to pay approximately $225,000 in restitution. At the government's request, the Court ordered that the clerk issue continuing writs of garnishment as to the Wilsons' property, and after three garnishees submitted answers to those writs, the Wilsons both filed objections and requested a hearing. Gary Wilson's objection, and his request for a hearing, will be denied because the issues he raises only pertain to Sue Wilson. Sue's request for a hearing will be granted.

**I**

In May 2013, a federal jury convicted the Wilsons of conspiring to defraud the United States and providing false information to the Social Security Administration regarding the true identity of a wage earner. The Court subsequently sentenced Gary to 36 months' imprisonment and Sue to 20 months' imprisonment. Jan. 27, 2014 Sentencing Tr. 66, 81, *United States v. Wilson et al.*, No. 12-20607 (E.D. Mich. Mar. 5, 2014). The Wilsons were ordered to pay—jointly and severally along with two other co-defendants—$226,194.35 in restitution. *Id.* at 85.

**A**

The Federal Debt Collection Procedure Act provides the procedure for the issuance of writs of garnishment to enforce the judgment against the Wilsons. The Act requires the government to issue notices when it commences garnishment proceedings. *See* 28 U.S.C. § 3202(b); *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008). Within "20 days after receiving the notice," the Wilsons may request "the court to hold a hearing" and "may move to quash the order granting such remedy. The court that issued such order *shall* hold a hearing on such motion as soon as practicable . . . ." § 3202(d) (emphasis added).

As contemplated by § 3202, pursuant to 28 U.S.C. § 3205, "[a] court may issue a writ of garnishment against a property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Subsection (c) requires a garnishee served with a writ of garnishment to "answer the writ within 10 days" and "withhold and retain any property in which the debtor has a substantial nonexempt interest and for which the garnishee is or may become indebted to the judgment debtor pending further order of the court." § 3205(c)(2)(E), (F).

The government must "serve the garnishee and the judgment debtor with a copy of the writ of garnishment" accompanied by "instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections." § 3205(c)(3). After receipt of a garnishee's answer, the judgment debtor, or the United States for that matter, has 20 days to "file a written objection to the answer and request a hearing." § 3205(c)(5). A court "*shall* hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable . . . ." *Id*. (emphasis added).

**B**

After judgment was entered against the Wilsons, the government requested the issuance of four distinct continuing writs of garnishment as to both Gary and Sue on April 9, 2014. All eight writs were issued the same day. The four interested garnishees—for Gary and Sue alike— are Alpena Alcona Area Credit Union, Calcite Credit Union, Awakon Federal Credit Union, and the State of Michigan. As of May 20, 2014, the three credit unions have filed answers to the continuing writs of garnishment that were issued. With the exception of Awakon Federal Credit Union as to Sue Wilson, each garnishee represents that it does have custody, control, or possession of property in which at least one of the Wilsons maintains an interest. The State of Michigan has yet to answer the writs directed its way.

On April 29, 2014, both Gary and Sue (through their counsel, Michael Skinner) filed an identical request for a "hearing about the garnishment," asserting that neither has "an ownership interest in one of the identified accounts." G. Wilson Obj., No. 14-50444, ECF No. 17; S. Wilson Obj., No. 14-50445, ECF No. 16. Counsel does not indicate which garnishee account Gary and Sue do not have an interest in, but he did "reserve[] the right to raise additional objections in the future[,]" and because counsel "does not have the garnishment documents yet," he indicates there may also be "additional objections" once the documents have been examined. *Id*. Although the Wilsons' objections were filed after the three credit unions had already answered the continuing writs, it appears their objections are not directed at the Garnishees' answers, but at the underlying writs themselves. *See* G. Wilson Obj., No. 14-50444; S. Wilson Obj., No. 14-50445 (entitled "Defendant's Request for Hearing About the Garnishment and Claim for Exemptions").

Whether the Wilsons' objections are directed at the writs for continuing garnishment, or rather the Garnishees' answers, is critical. Although both § 3202 and § 3205 indicate that a court "shall" hold a hearing when one is requested, courts have assessed objections to writs of garnishment and objections to garnishee answers very differently. Although § 3202(d) states that a court "shall hold a hearing" when the debtor objects to a writ of continuing garnishment, "courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *Miller*, 588 F. Supp. 2d at 797 (collecting cases). Section 3202(d) provides that hearings based on debtor's objections "shall be limited" to: (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted;" and (3) "if the judgment is by default . . . ." § 3202(d)(1)–(3).

Section 3205(c)(5) also establishes that a court "shall hold a hearing" after a debtor requests one in an objection to a garnishee's answer, but unlike § 3202, §3205 "does not limit the purposes for such a hearing." *Miller*, 588 F. Supp. 2d at 797 (citation omitted). So it becomes important whether the Wilsons' objections are directed at a garnishee's answer, or rather the writs themselves.

### C

Here, it appears that the Wilsons' objections are directed at the writs. As docketed by their counsel, the objections are directed at the four requests for writs of garnishment by the government and the resulting writs of continuing garnishment that were issued—not any of the garnishees' answers. *See* G. Wilson Obj., No. 14-50444 ("OBJECTION by Gary L. Wilson to 11 Writ of Garnishment Issued, 13 Writ of Garnishment Issued, 12 Writ of Garnishment Issued,

4 Request for Writ of Garnishment by USA, 1 Request for Writ of Garnishment by USA, 14 Writ of Garnishment Issued, 3 Request for Writ of Garnishment by USA, 2 Request for Writ of Garnishment by USA."); S. Wilson Obj., No. 14-50445 (same).   Because the request for a hearing thus came in an objection to a writ, and not a garnishee's answer, the Wilsons are not entitled to a hearing if they did not object "based on one of the issues specified in 28 U.S.C. § 3202(d) . . . ."   *Miller*, 588 F. Supp. 2d at 797 (collecting cases).   As noted above, § 3202(d) provides that hearings based on debtor's objections "shall be limited" to: (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted;" and (3) "if the judgment is by default . . . ."   § 3202(d)(1)–(3).

After the Wilsons filed their objections, the government filed responses arguing that the objections should be overruled and that no hearing is necessary.   The Wilsons then filed identical two-page reply briefs.   In those replies, the Wilsons claim that "Ms. Wilson is a signee on an account with Khiet Ritter but does not have an ownership interest in the account" and that "Ms. Wilson is the attorney in fact for Nathyn Wilson" but "[h]er status on the accounts with Nathyn do not give her an ownership interest in his property."   G. Wilson Reply 1, No. 14-50444, ECF No. 19; S. Wilson Reply 1, No. 14-50445, ECF No. 19.

Gary's ownership of an account, or any other property, is not implicated by his objection or his request for a hearing.   Even in the reply filed in his case number, 14-50444, counsel identifies only issues relating to "Ms. Wilson" and two accounts that bear her name—there is no mention of Gary.   So his objection will be overruled, along with his request for a hearing.

Sue Wilson, on the other hand, has indicated that there are two accounts in question for which she does not have an ownership interest (although she is apparently named on the

accounts). Thus, her objection pertains to the validity of a claim of exemption, and a hearing under § 3202 will be granted. The hearing will be scheduled for June 24, 2014, at 3:00 p.m. At that time, the Court will consider Sue Wilson's objection to the continuing writs of garnishment. To be as efficient as possible, the Court will also direct the parties to submit supplemental briefing outlining their positions prior to the hearing date.

Specifically, Sue Wilson will be directed to flesh out her objections. What accounts does she not have an interest in, who is the interested garnishee, and what is her legal basis for the proposition that the account should not be liquidated? The government will be directed to file a responsive brief, to be followed by any reply brief Sue Wilson may desire. These briefs should be no longer than fifteen (15) pages. Any reply brief filed by Sue Wilson is not to exceed five (5) pages.

Accordingly, it is **ORDERED** that Sue Wilson, her counsel, and counsel for the government are **DIRECTED** to appear on **June 24, 2014**, at **3:00 p.m.**, for a hearing concerning Sue Wilson's objections to the government's continuing writs of garnishment.

It is further **ORDERED** that the Sue Wilson is **DIRECTED** to file a supplemental brief, outlining her positions, before **May 30, 2014**.

It is further **ORDERED** that the government is **DIRECTED** to file its responsive briefs no later than **June 13, 2014**. Should she choose to file one, Sue Wilson's reply brief is due by **June 18, 2014**.

It is further **ORDERED** that Gary Wilson's objection is **OVERRULED** and his request for a hearing is **DENIED**.

Dated: May 22, 2014                                    s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 22, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS